# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

MELISSA GILLEAN,

    Plaintiff,

vs.

Case No.
Hon.

GENERAL MILLS OPERATIONS, LLC
a foreign for profit corporation,
and JEFF HEMAUER,
jointly and severally,

    Defendants.

_____/

RAYMOND GUZALL III (P60980)
RAYMOND GUZALL III, P.C.
Attorney for Plaintiff
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, MI 48334
(248) 702-6122
_____/

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

## VERIFIED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, MELISSA GILLEAN, by and through her attorney, Raymond Guzall III, P.C., by Raymond Guzall III, and for her Complaint against Defendant GENERAL MILLS OPERATIONS, LLC, a foreign corporation doing business in the State of Michigan, and against Defendant JEFF HEMAUER states as follows:

# COUNT I

## GENDER DISCRIMINATION

1. Plaintiff MELISSA GILLEAN, was employed by the Defendant GENERAL MILLS OPERATIONS, LLC a foreign corporation doing business in the State of Michigan, county of Osceola).

2. This Court has jurisdiction over Plaintiff's State Law claims pursuant to the diversity statute 28 U.S.C. § 1332 - the Defendant being a foreign corporation, and pursuant to Plaintiff's Federal Law claims, and venue is proper with this Court as Plaintiff worked for the Defendant in Reed City Michigan, County of Osceola, and Plaintiff is a resident of Reed City Michigan.

3. Defendant JEFF HEMAUER was Plaintiff's Supervisor when she worked for the Defendant Company and resides in Comstock Park Michigan in Kalamazoo County.

4. Defendant JEFF HEMAUER may be held liable for the acts as stated herein pursuant to *Elezovic v. Bennett*, 274 Mich. App. 1, 10–11, 731 N.W.2d 452, 458 (2007).

5. Plaintiff was employed by Defendant Company which was operating under the name of Yoplait from approximately December 4, 2000 to

February 6, 2018 when her employment was unlawfully terminated.

6. In the year 2014 Plaintiff had a mechanical failure in her work area which triggers an alarm to Defendant's Management for which Plaintiff's Supervisor Jeff Hemauer blamed her for and attempted to discipline her for the incident, however a male employee of the Defendant (Martin Hancock) had the exact same issue under Supervisor Jeff Hemauer and yet Jeff Hemauer did not attempt to discipline that male employee.

7. In approximately the year 2014 at the start of Plaintiff's shift Defendant's equipment was not operating properly and a part was needed for replacement for which Jeff Hemauer disciplined Plaintiff, however also around that same time a male employee (Dave King) experienced Defendant's equipment was not operating properly and a part was needed for replacement for which Jeff Hemauer did not discipline Mr. King.

8. There were only 3 females within Defendant Company's processing department where Plaintiff and approximately 15 male employees worked, and Plaintiff was the only female on her shift (2nd shift being 3 pm to 11 pm).

9. Defendants' treated their male employees more favorable that their female employees when it came to taking time off work.

10. Witness Howe illustrated in his affidavit an example of the gender discrimination "In May of 2017 a male employee John Owen had a clamp come off a divert panel and lost 1200 gallons of base and according to that male employee he was not given any corrective action or discipline at all. In July 2017 Melissa had the same thing happen to her and lost the same amount of base and Melissa was given a corrective action. In October 2017 the same male employee John Owen had a 12,000 gallon loss and admitted to other employees that it was because of his inattention to duties. According to the male employee he was not given corrective action for that 12,000 gallon loss." (Exhibit 1, paragraph 3).

11. Defendant's female employee Kim Kleeves (in approximately the year 2016) lost 1600 gallons of yogurt and she was disciplined, yet John Owen a male employee lost 1,200 and 12,000 gallons of yogurt on two separate occasions and he was not disciplined (both being under the same supervisor Jeff Hemauer). Disciplinary actions at the Defendant Company lead to time off work and termination.

against it's female employees.

13. Disparate treatment is evident from the facts plead herein as Plaintiff being a female employee was a motivating factor in the adverse employment actions taken against Plaintiff and Plaintiff was terminated under circumstances that give rise to an inference of unlawful discrimination and retaliation.

14. The Defendants' claim they took adverse employment actions against Plaintiff and terminated Plaintiff for legitimate reasons thus presenting a mixed motive claim. See *White v Baxter Healthcare Corp*, 533 F3d 381, 401 (CA 6 2008).

15. Plaintiff was treated differently by Defendants' because of her gender and her employment was unlawfully terminated by Defendants because of her gender, in violation of the Michigan Elliott Larsen Civil Rights Act, MCL 37.2101, et seq., and in violation of Title 7, Civil Rights Act of 1964, seq., 70I et seq., 42 U.S.C.2000e, et seq.

16. Plaintiff would not have been harassed, suspended or terminated if she was a male employee. (Exhibit 1 at paragraph 3).

17. The Defendant has an illegal pattern and practice of discriminating against female employees.

18. Defendant Jeff Hemauer wrote up/disciplined Defendant's Company employee Katrina Cass several times because she is a female and yet did not write up/discipline the male employees for similar acts. The write ups/disciplines to Katrina Cass were unfounded and were actually due to male employee mistakes, and were eventually dropped against Katrina Cass.

19. In the year 2016 Defendant's male employee Coy Barber was allowed to leave work by Defendant Hemauer yet the work that was being performed at that time required Coy to stay at work and help out Plaintiff per Defendant Hemauer's policy, and because Coy did not stay at work and Hemauer violated his own policy there was an incident that Plaintiff was improperly blamed for and would not have occurred if Coy was made to stay on the job and help Plaintiff.

20. When Plaintiff raised legitimate work issues and/or concerns with Defendant Hemauer he treated her much differently (harshly with an undertone and a raised voice) as opposed to how Hemauer spoke to the male employees with a respectful demeanor.

21. Plaintiff filed a Complaint with the EEOC/Michigan Department of Civil Rights on or about January 11, 2018 and advised Defendant

Company Manager Mark Selerno that she filed that Complaint within a week of her filing that Complaint (and was then fired within 30 days), and then received her Right to Sue Letter on or about June 21, 2018.

22. As a result of Defendants' illegal acts as outlined and stated herein, Plaintiff has been damaged in violation of the afore-stated causes of action.

23. The wrongful and illegal actions of Defendants' have damaged Plaintiff, and continue to damage Plaintiff, including but not limited to past, current and future wage loss, loss of benefits, emotional damages among other damages as stated herein, and to be included within this Count, and damages including but not limited to costs, interest and attorney fees.

## COUNT II

## RETALIATION

24. Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as though set forth in full word for word and paragraph for paragraph.

25. Witness Robert P. Howe II stated within the attached affidavit that "...Melissa was fired because of the discrimination complaints that she filled with Human Resources and the Michigan Department of Civil Rights and EEOC." (Ex. 1, Howe affidavit at paragraph 2).

26. Witness Howe also stated within his affidavit "I witnessed the discrimination and retaliation against Melissa Gillean by Management of the Company. After she made her complaints to the Company about being discriminated against I witnessed that she was labeled as a trouble maker and she was treated differently from all other employees and unfairly and that the Company created a hostile work environment for her as Management at the Company kept coming after her constantly trying to make her quit while they attempted to build up a case against her so they could claim they fired her for a valid reason, but they did not fire her for a valid reason." (Ex. 1, Howe affidavit at paragraph 3).

27. In October of the year 2014 Plaintiff made a verbal complaint to Defendant General Mills Human Resource person Tracy Hatchew that she was being harassed and discriminated against because she was a female. Ms. Hatchew did nothing about Plaintiff's Complaint.

28. In July of 2017 Plaintiff met with the plant Manager Amy Frey and verbally complained to her that Defendant Hemauer was discriminating against her because she was a female and Ms. Frey sent Plaintiff to speak with Quinn Steffen and nothing changed.

29. Plaintiff then met with and made a verbal complaint to Defendant General Mills Head of Human Resources Quinn Steffen and told him that Defendant Jeff Hemauer was discriminating against her because she was a female and that Jeff was creating a hostile work environment. Quinn Steffen told Plaintiff to bid on a new job in the Company that would not be under the supervision of Jeff Hemauer. Plaintiff would have lost approximately $4.00 per hour and would have lost her days off if she changed jobs, but she put in a bid anyway to change jobs and did not get the job.

30. Plaintiff then called the Defendant General Mills Corporate Office in Minneapolis Minnesota in November of 2017 and made a complaint

of gender discrimination to their Human Resources Department. Within 90 days Plaintiff's employment was terminated.

31. Plaintiff's activities at work were scrutinized more carefully than other Defendant Company employees and those similarly situated employees after she complained to Defendant Company of being discriminated against.

32. In December of 2017 Plaintiff was not on the work schedule however the Defendant Company called Plaintiff and told her she was on the schedule at 11 am as per Defendant Hemauer. Plaintiff then showed up for work at about noon however the work that Plaintiff was told that they needed her to perform was already done, and so there was no need or reason to appear at work, and she was given a point against her which is used to discipline/suspend and/or terminate employees. Plaintiff made a complaint about that incident to Defendant's Human Resources via email and she was simply told to talk to Defendant Hemauer.

33. In September of 2017 Defendant Company employee John Owen was told by Defendant Hemauer that he could leave work at his scheduled end work time however there was still work be done and

per Defendant Hemauer's policy John Owen should have stayed and worked after his scheduled work time ended, and so that male employee was treated more favorably than Plaintiff and the other female employees.

34. In December of 2017 Plaintiff was disciplined for an incident involving HTST (High Temp Short Time) CIP (Clean in Place) and yet other male employees admitted to doing the same thing and those male employees were not disciplined or terminated, but Plaintiff was disciplined and terminated.

35. Plaintiff was retaliated against (suspended and then fired) by the Defendants' because she made discrimination complaints to the Defendants' and because she ultimately filed a complaint with the Defendant Company's Corporate Office.

36. Plaintiff was retaliated against in violation of Title 7, Civil Rights Act of 1964, seq., 70I et seq., 42 U.S.C.2000e, et seq., Michigan's Elliott Larsen Civil Rights Act, MCL 37.2101, et seq., and in particular, MCL 37.2701 and other applicable law, and in particular, because she filed a discrimination complaint with the Defendant company Management and it's corporate office and because she filed a complaint with the

EEOC/Michigan Department of Civil Rights.

37. The law holds, "Title VII's anti-retaliation provision prohibits any employer action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Thompson v N Am Stainless, LP*, 131 S Ct 863, 868; 178 L Ed 2d 694 (2011), citation omitted.

38. The law holds that, "...punitive damages are warranted when the employer engages in conduct that carries with it a "*perceived risk* that its actions will violate federal law."" *EEOC v Harbert-Yeargin, Inc*, 266 F3d 498, 513 (CA 6 2001), citation omitted.

39. Punitive damages are allowed by law: "...(5) jury could have concluded that managers engaged in a pattern of calculated retaliatory conduct so egregious as to support award of punitive damages; (6) retaliation was properly imputed to corporate employer; and (7) a 50:1 ratio of punitive to compensatory damages did not violate due process." *Jeffries v Wal-Mart Stores, Inc*, 15 Fed Appx 252 (CA 6 2001).

40. Plaintiff earned approximately $48,500.00 per year working for the Defendant Company and was provided other benefits such as full

11

medical coverage, dental, overtime pay, a 401k plan and a pension.

41. As a result of Defendant's illegal acts as outlined and stated herein, Plaintiff has been greatly damaged in violation of the afore-stated causes of action in that she has suffered and will be forced to suffer great economic and emotional harm, a loss of earning capacity, salary loss, emotional injuries with pain and suffering, including but not limited to emotional distress and mental anguish, all of which she has suffered as a result of the treatment by Defendants' named herein, and from which Plaintiff currently suffers and can reasonably be expected to suffer from for the rest of her life.

WHEREFORE, your Plaintiff prays for judgment against Defendant, GENERAL MILLS OPERATIONS LLC, a foreign corporation doing business in the State of Michigan, and Defendant JEFF HEMAUER in an amount in excess of $75,000 including but no limited to past, current and future damages and wage loss, 401k loss, pension and other benefits as well as emotional damages, costs, interest, punitive damages and attorney fees for the illegal acts of Defendants' as stated herein, and all other damages afforded by law to Plaintiff. Plaintiff further requests all other relief the Court deems appropriate in her favor as afforded by law.

The facts as stated within this Verified Complaint are true to the best of my knowledge, information and belief, and I will testify in accord with the facts herein and I declare under penalty of perjury under the laws of the United States of America that the foregoing Verified Complaint is true and correct.

_____
MELISSA GILLEAN

Subscribed and sworn to before me
this __15th__ day of __September__, 2018.

_____
Raymond Guzall III
Notary Public-Oakland County, MI
My commission expires: 2-6-2021

13

## JURY DEMAND

Plaintiff demands trial by jury in this matter.

    Respectfully submitted,

    RAYMOND GUZALL III, P.C.
    /s/ Raymond Guzall III
    RAYMOND GUZALL III (P60980)
    Attorney for Plaintiff
    31555 W. Fourteen Mile Rd., Suite 320
    Farmington Hills, MI 48334
    (248) 702-6122

# EXHIBIT 1

## AFFIDAVIT OF ROBERT P. HOWE II

I, Robert P. Howe II, make the following statements and general affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of my knowledge:

1. I am over the age of 18 and I am a resident of the State of Michigan. I have personal knowledge of the facts within this affidavit and if called as a witness at trial, will testify competently to those facts.

2. I worked with Melissa Gillean at General Mills in Reed City Michigan for approximately 7 years. I am of the opinion that Melissa was fired because of the discrimination complaints that she filled with Human Resources and the Michigan Department of Civil Rights and EEOC. Melissa told me that she had several meetings with both Human Resources and had even contacted Amy Frey the plant manager concerning the discrimination against her because she was a female. Melissa told me when she first contacted Human Resources after a work place meeting in November of 2015, she told me that she filed a complaint of discrimination against Manager Jeff Hemauer. In the year of 2016 Jeff Hemauer was absent from work for the majority of that year. Melissa told me that she had a meeting with the plant manager Amy Frey in July of 2017 and had a meeting with Human Resources that following week about the discrimination against her and hostile work environment as to her. In November 2017 Melissa told me that she had contacted Corporate about the discrimination and hostile work environment and that she placed a complaint about being discriminated

Page 1 of 3

against because she is a female. In January of 2018 Melissa told me that she filed a complaint with the Michigan Department of Civil Rights and EEOC because she was being discriminated against and retaliated against. Because of what I witnessed as I have stated in this affidavit, I came to the conclusion that because of the discrimination and hostile work environment complaints that Melissa made she was targeted by the Company (General Mills) and she was being retaliated against by the Company because she made those complaints.

3. I witnessed the discrimination and retaliation against Melissa Gillean by Management of the Company. After she made her complaints to the Company about being discriminated against I witnessed that she was labeled as a trouble maker and she was treated differently from all other employees and unfairly and that the Company created a hostile work environment for her as Management at the Company kept coming after her constantly trying to make her quit while they attempted to build up a case against her so they could claim they fired her for a valid reason, but they did not fire her for a valid reason. In May of 2017 a male employee John Owen had a clamp come off a divert panel and lost 1200 gallons of base and according to that male employee he was not given any corrective action or discipline at all. In July 2017 Melissa had the same thing happen to her and lost the same amount of base and Melissa was given a corrective action. In October 2017 the same male employee John Owen had a 12,000 gallon loss and admitted to other employees that it was because of his inattention to duties. According to the male employee he was not given corrective action for that

12,000 gallon loss.

4. I was aware that Melissa was suffering from both depression and anxiety because she told me and I witnessed her depression and anxiety at work. Melissa told me that she was having panic attacks and because of those attacks she was having trouble doing her job the way she used to do her job before the discrimination, retaliation and hostile work environment and the stress that it caused her. I told her to call her doctor and get help. Melissa told me that she had talked to her doctor and was given medication for both depression and panic attacks.

5. I am hesitant to speak out about these matters involving Melissa because I know if it comes out that I was involved in any investigation there will be retaliation taken against me by the Company. General Mills is very hostile when it comes to things like this. But I am willing to tell the truth in this matter because what General Mills did to Melisa is completely wrong.

_____
Robert P. Howe II

Subscribed and sworn to before me this 28th day of June, 2018.

_____
Notary Public  Osceola  County, MI
My commission expires:

Casey Byrnes
Notary Public, Osceola County, Michigan
My Commission Expires: December 09, 2021
Acting in  Osceola  County, Michigan

Page 3 of 3